## 9877

### ROBINSON *ET AL.* v. McMASTER.

#### (95 S. E. 110.)

EXECUTION—RETURN NULLA BONA—EXAMINATION OF JUDGMENT DEBTOR —RIGHTS OF PARTIES.—Under Code Civ. Proc. 1912, sec. 351, as to examination of judgment debtor after execution, the judgment creditor may have the examination after return *nulla bona* as a matter of right and without affidavit showing that the debtor has property which he unjustly refuses to apply to the satisfaction of the debt, though such affidavit is prerequisite to examination before such return.

Before DeVore, J., Richland, Fall term, 1917. Affirmed.

Action by D. W. Robinson and others against Benjamin P. McMaster. Plaintiffs had judgment, issued execution, which was returned *nulla bona,* and obtained an order *ex parte* requiring defendant to appear for examination concerning his property. From such order, defendant appeals.

*Messrs. B. P. McMaster* and *D. C. Ray,* for appellant, cite: Code of Procedure, section 351.

*Mr. D. W. Robinson,* for respondent, cites: Code of Procedure, section 351; 25 S. C. 384; 21 Enc. of Pl. & Pr., p. 117, also page 93; 21 Enc. of Pl. & Pr., pp. 127, 137-8, 143-4; 25 S. C. 382; 53 Barb. (N. Y.) —.

January 24, 1918.

The opinion of the Court was delivered by Mr. Justice Fraser.

The appellant thus states his case:

"As appears from the record herein, the plaintiffs-respondents obtained a judgment by default against the defendant-appellant for the sum of $6,519.16 at the Spring term of the Court of Common Pleas for Richland county. Upon this judgment execution was issued to the sheriff of Richland county, who made return of *nulla bona* on said execution.

"Thereafter upon the affidavit set out in the case for appeal, the respondents obtained the order set out in the case, requiring the appellant to appear before A. D. McFaddin, master for Richland county, for the purpose of being examined concerning any property and rights he may have. From this order, which was taken *ex parte,* the appellant appealed upon the single exception set out in the case for appeal.

"The error alleged to have been committed by his Honor, the presiding Judge, was in issuing the order when the respondents did not show to the Court by affidavit that the appellant herein had any 'property which he unjustly refused to apply towards the satisfaction of the judgment' as required by section 351 of the Code of Civil Procedure. "An inspection of the affidavits upon which the order was obtained shows that it does not contain any allegations that the judgment debtor had any property which he unjustly refused to apply to the satisfaction of the respondents' judgment.

"The failure of the respondents to show by proof to the Court that the appellant had property which he failed to apply to the satisfaction of respondents' judgment is clearly such an omission as renders the order appealed from invalid, and we respectfully submit that the same ought to be overruled."

The section upon which appellant relies reads:

"Sec. 351. *Order for Discovery of Property—Examina-*

*tion of Judgment Debtor, Etc.*—When an execution against property of the judgment debtor, or any one of several debtors in the same judgment, issued to the sheriff of the county where he resides or has a place of business, or, if he do not reside in the State, to the sheriff of the county where a judgment roll, or a transcript of justice's judgment for twenty-five dollars or upwards, exclusive of costs, is filed, is returned unsatisfied, in whole or in part, the judgment creditor, at any time after such return made, is entitled to ar order from a Judge of the Circuit Court requiring such judgment debtor to appear and answer concerning his property before such Judge, at a time and place specified in the order, within the county to which the execution was issued."

"After the issuing of an execution against property, and upon proof by affidavit of a party, or otherwise, to the satisfaction of the Court, or a Judge thereof, that any judgment debtor *has property which he unjustly refuses to apply towards the satisfaction of the judgment,* such Court or Judge may, by an order, require the judgment debtor to appear at a specified time and place to answer concerning the same; and such proceedings may thereupon be had for the application of the property of the judgment debtor towards the satisfaction of the judgment as are provided upon the return of an execution."

It will be observed that the first paragraph says the plaintiff is entitled to the order after the *nulla bona* return, and he is entitled to the order unless the second paragraph or some subsequent statute restricts the right. The second paragraph does not restrict the right, and we know of no statute that does. The second paragraph makes no mention of a *nulla bona* return. When we construe the two paragraphs together, it appears that after *nulla bona* return the order of examination may be had as a matter of right, but, after the execution is issued, and before the *nulla bona* return the plaintiff must show that the defendant has property which

he unjustly refuses to apply towards the satisfaction of the judgment.

The judgment is affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit in this case.